# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TONIA COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-329 |
| | ) | |
| MAYOR AND ALDERMAN OF THE CITY OF SAVANNAH, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tonia Cooper filed this employment discrimination action (Title VII) against her former employer, the City of Savannah, Georgia. *See, generally,* doc. 1. The City moves to dismiss, and to stay discovery pending disposition of that motion. Docs. 5 & 12. Cooper opposes both motions. Docs. 8 & 13.

Cooper was a City employee from 2008 until she was discharged in 2016. Doc. 1, ¶¶ 13, 21. She alleges that from 2013 to 2015 she was subjected to unwelcome advances (verbal and physical) from her supervisor. *Id.* ¶¶ 14-15. When she was unreceptive, her supervisor retaliated. *Id.* ¶ 16. She complained to the City, through "administrative

review" and reports to Human Resources. *Id.* ¶ 18. The City discharged her, she alleges, in retaliation for pursuing her complaints. *Id.* ¶ 25. After exhausting the remedies available to her from the United States Equal Employment Opportunity Commission (EEOC), she filed this action for damages. *Id.* ¶¶ 6, 23-26, Exh. A.

To evaluate stays of discovery pending a ruling on a dispositive motion, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654 at * 1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016)); *see S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, 2014 WL 5644089 at * 1 (S.D. Ga. Nov. 4, 2014). The Court will do so here.

The City moves to dismiss Cooper's Title VII claim[1] as time-barred. *See* doc. 5-1 at 3-7. Title VII suits must be brought within 90 days after the EEOC notifies the complainant that its investigation has concluded, by issuing a "right-to-sue" letter. *See* 42 U.S.C. § 2000e-5(f)(1). Cooper alleges that she complied with that requirement, and she has attached a

---

[1] In addition to her Title VII claim, Cooper sues for intentional infliction of emotional distress, and seeks punitive damages. Doc. 1, ¶¶ 27-28, 33-35. In her response to the City's motion to dismiss, she "concedes that [she] cannot go forward" on those claims. Doc. 8 at 3. Although she has not withdrawn them, the Court's evaluation of the motion to stay is limited to her Title VII claim.

2

right-to-sue letter. Doc. 1, ¶ 6, Ex. A. The City concedes that, based on the mailing date of that letter, her Complaint would be timely. *See* doc. 5-1 at 2 (noting letter indicates mailing date "within ninety days of the filing of this suit"). But it argues that the Complaint nevertheless is untimely because Cooper filed an earlier EEOC charge and received an earlier letter. *Id.* at 2-3. Cooper counters that the second letter reflects the EEOC's "reconsideration," making *its* date dispositive of her claim's timeliness. Doc. 8 at 2-3.

Cooper also raises a related issue: She contends that the City's motion is properly construed as a motion for summary judgment. Doc. 8 at 2. The City argues that the introduction of the documents supporting its timeliness argument does not necessarily alter the character of its motion because they "are central to [Cooper's] case . . . [,] their authenticity is undisputed, and they are matters of public record." Doc. 5-1 at 5. Cooper responds that, whether the City's documents convert the motion or not, she must introduce her own evidence to effectively respond, which she does by affidavit and attached exhibits. Doc. 8 at 2; doc. 8-1 (Cooper's affidavit and exhibits). The City's reply introduces still more evidence, in the form of a single page, apparently selected from

a multi-page document. *See* doc. 11-1. Given the extent to which the parties' dispute implicates evidence outside Cooper's pleading, it is likely that the City's motion will be converted into one seeking summary judgment. *See* Fed. R. Civ. P. 12(d).

To that end, Cooper renews her insistence that she should have "'an adequate opportunity for discovery.'" *See* doc. 13 at 2 (quoting *Shew v. Horvath*, 2016 WL 6650734 at * 2 (M.D. Fla. Nov. 10, 2016). Discovery, however, is not *always* required before summary judgment. The availability of Rule 56(f) relief "shows that a court may grant summary judgment without the parties having conducted discovery if the opponent has not sought" such relief. *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). Even assuming conversion of the City's motion, her "vague assertions that additional discovery will produce needed, but unspecified, facts," are insufficient to justify further discovery per Rule 56(f). *Id.* In fact, Cooper's response attaches the documents she contends support her construction of the EEOC's letters. *See* doc. 8 at 3; doc. 8-1 (Cooper's affidavit and supporting exhibits).

Given that Cooper has pointed to no gap in the facts which discovery could fill, the characterization of the City's motion does not

a multi-page document. *See* doc. 11-1. Given the extent to which the parties' dispute implicates evidence outside Cooper's pleading, it is likely that the City's motion will be converted into one seeking summary judgment. *See* Fed. R. Civ. P. 12(d).

To that end, Cooper renews her insistence that she should have "'an adequate opportunity for discovery.'" *See* doc. 13 at 2 (quoting *Shew v. Horvath*, 2016 WL 6650734 at * 2 (M.D. Fla. Nov. 10, 2016). Discovery, however, is not *always* required before summary judgment. The availability of Rule 56(f) relief "shows that a court may grant summary judgment without the parties having conducted discovery if the opponent has not sought" such relief. *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). Even assuming conversion of the City's motion, her "vague assertions that additional discovery will produce needed, but unspecified, facts," are insufficient to justify further discovery per Rule 56(f). *Id.* In fact, Cooper's response attaches the documents she contends support her construction of the EEOC's letters. *See* doc. 8 at 3; doc. 8-1 (Cooper's affidavit and supporting exhibits).

Given that Cooper has pointed to no gap in the facts which discovery could fill, the characterization of the City's motion does not

affect the Court's determination whether to stay discovery. Conversion, if it occurs, will provide Cooper with notice and an additional opportunity to seek relief under Rule 54(f). *See Griffith v. Wainright*, 772 F.2d 822, 825 (11th Cir. 1985) (10-day notice requirement for summary judgment to be strictly enforced).

In the meantime, the City has raised a plausible argument that Cooper's Title VII claim is time-barred. *See* doc. 11 at 2-3. It also argues that, at best, only her retaliatory dismissal claim is timely, so the rest must be dismissed. *See id.* at 5. Those arguments, whether construed as a motion to dismiss or for summary judgment, have some heft and may well resolve this case entirely if not considerably narrow its scope. *See* doc. 11 at 5. If the case, or any portion of it, is summarily resolved before discovery, both parties will avoid unnecessary expenses. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. . . . [Thus,] any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery

stage, if possible."). Accordingly, the City's motion to stay discovery pending resolution of its dispositive motion is **GRANTED**.

**SO ORDERED**, this  28th  day of February, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA