IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TONIA COOPER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV416-329
)
MAYOR AND ALDERMAN CITY OF )
SAVANNAH, )
)
    Defendant. )
)

## **O R D E R**

Before the Court is Defendant Mayor and Alderman City of Savannah's Motion to Dismiss. (Doc. 5.) For the following reasons, Defendant's motion is **GRANTED** and Plaintiff Tonia Cooper's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

### **BACKGROUND**

In this case, Plaintiff Tonia Cooper claims she faced sexual harassment in her workplace and was later terminated in retaliation for complaining about the harassment.[1] In October 2008, Plaintiff began working for Defendant as a property maintenance inspector. (Doc. 1 ¶ 13.) In November 2013, Plaintiff began enduring almost daily unwanted

---

[1] At this stage of the litigation, the Court must accept the allegations in Plaintiff's complaint as true and draw all reasonable inferences in her favor. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012).

touching and sexual language from her supervisor. (Id. ¶ 14.) This harassment continued until September 2, 2015, when Plaintiff complained both to the head of her division and to Human Resources. (Id. ¶¶ 17, 18.) Plaintiff's supervisor, however, continued to make inappropriate comments until November 2015. (Id. ¶ 22.)

Plaintiff alleges that Defendant[2] began unfairly criticizing her work performance in retaliation for reporting the harassment. (Id. ¶ 19.) At some point, Plaintiff was instructed to disregard policy procedures. (Id. ¶ 21.) On June 24, 2016, Plaintiff was discharged for the procedure violation. (Id.)

According to the complaint, Plaintiff exhausted all of her State and Federal administrative procedures prior to filing suit (id. ¶ 5), received her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") (id. ¶ 6), and filed her complaint within ninety days of receiving that letter (id.). Plaintiff's characterization of this sequence of events, however, is misleading to say the least. Moreover, Plaintiff's omission of significant facts regarding the exhaustion of her administrative remedies with the EEOC is dangerously close to a fraud on

---

[2] The Court assumes that Plaintiff is referring to an agent of Defendant. However, Plaintiff fails to identify the individual making the alleged adverse employment decisions.

2

this Court designed to create jurisdiction where quite possibly none existed.

What Plaintiff fails to state is that she filed two charges of discrimination with the EEOC. The first charge[3] was received by the EEOC on June 23, 2016 and alleged sex discrimination from November 1, 2013 to September 2, 2015. (Doc. 5, Ex. 1 at 1.) On June 15, 2016, the EEOC informed Plaintiff that the first charge was untimely and provided her with a Notice of Right to Sue. (Id. at 2.)

On June 27, 2016, Plaintiff filed a second charge of discrimination alleging that she was told to resign or be discharged in retaliation for her filing the first charge of discrimination. (Id., Ex. 2 at 1.) In the second charge, Plaintiff stated that the discrimination occurred between June 10 and June 27, 2016. (Id.) On July 27, 2016, the EEOC provided Plaintiff with another Notice of Right to Sue. (Id. at 3.)

---

[3] Plaintiff argues that the Court may not consider these documents without converting Defendant's motion into a request for summary judgment. (Doc. 8 at 2.) However, the Court may consider an extrinsic document when ruling on a motion to dismiss where the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir.2005)). In this case, the EEOC charges and Notices of Right to Sue are clearly central to whether Plaintiff can bring her claim. In addition, Plaintiff has not challenged the authenticity of those documents.

On September 13, 2016, the EEOC rescinded the second Notice of Right to Sue. (Id. at 5.) That second notice was reissued the very same day. (Id. at 6.) Other than the date, the only difference between the two notices is the name of and contact information for the EEOC investigator, and Plaintiff's counsel being listed as receiving a carbon copy of the September 13, 2016 reissued notice. (Id. at 5-6.) The EEOC never provided notice pursuant to 29 C.F.R. § 1601.21(b)[4] that it was reconsidering its decision with respect to the second charge. Neither document states any reason why the second notice was rescinded and then reissued.

Plaintiff attached to her complaint only a copy of the reissued second Notice of Right to Sue. Suspiciously, Plaintiff did not include the copy of her second charge of discrimination, which formed the basis for the second notice. The second charge only alleged retaliation, not any sexual harassment or discrimination. Moreover, Plaintiff completely failed to mention that the September 13, 2016 notice had been reissued in response to the rescinded July 27, 2016 notice. While the Court stops short of ascribing

---

[4] This regulation provides that "[i]n cases where the Commission decides to reconsider a dismissal or a determination finding reasonable cause to believe a charge is true, a notice of intent to reconsider will promptly issue."

4

to Plaintiff a nefarious motive for the omissions, it does so only after giving Plaintiff the full benefit of every doubt.

On December 7, 2016, Plaintiff filed her complaint in this Court. Plaintiff filed her complaint 175 days after the EEOC issued the first Notice of Right to Sue, 133 days after the EEOC issued the second Notice of Right to Sue, and 85 days after the EEOC rescinded and reissued the second notice. In her complaint, Plaintiff alleges claims for both sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Doc. 1 ¶¶ 23-26), intentional infliction of emotional distress (id. ¶¶ 27-28), attorney's fees (id. ¶¶ 29-32), and punitive damages (id. ¶¶ 33-35).

In its Motion to Dismiss, Defendant argues that Plaintiff's Title VII claims are untimely because she filed her complaint more than ninety days after receiving the Notices of Right to Sue. (Doc. 5, Attach. 1 at 3-7.) With respect to the claim for intentional infliction of emotional distress, Defendant contends that Plaintiff failed to provide the proper ante litem notice required under state law, and that Defendant has immunity from this type of claim. (Id. at 8-9.) Finally, Defendant maintains

that Title VII does not permit the recovery of punitive damages against municipalities. (Id. at 10.)

In her response, Plaintiff concedes that her claims for intentional infliction of emotional distress and punitive damages should be dismissed. (Doc. 8 at 3.) Also, Plaintiff argues that all of her Title VII claims are timely because the EEOC reconsidered its earlier decision with respect to the second charge and reissued the second Notice of Right to Sue on September 13, 2016. (Id. at 2-3.) Plaintiff reasons that the later date is effective for determining the timeliness of her complaint because the decision to reissue the second Notice of Right to Sue was based upon additional evidence Plaintiff submitted to the EEOC. (Id. at 3.)

**ANALYSIS**

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A

pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it

7

gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. DEFENDANT'S MOTION TO DISMISS

A plaintiff has ninety days following receipt of a Notice of Right to Sue to file a civil action against her employer. Stamper v. Duval Cty. Sch. Bd., 863 F.3d 1336,

8

1340 (11th Cir. 2017) (citing 42 U.S.C. § 2000e-5(f)(1)). Once the notice has been issued, the EEOC does possess the authority to reconsider its earlier decision. 29 C.F.R. § 1601.19(b). However, reconsideration of an earlier decision requires the EEOC to provide notice of its intent to reconsider. Id. ("If the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge."); see Stamper, 863 F.3d at 1340 (noting that "the Commission could restart the running of the limitations period by issuing a second notice of the right to sue only if the Commission issued a notice of intent to reconsider before the expiration of the original limitations period"); Gilitz v. Compagnie Nationale Air France, 129 F.3d 554, 557 (11th Cir. 1997) (finding that exact same Notice of Right to Sue with later date not reconsideration by EEOC where no notice of intent to reconsider provided). The ninety-day window for filing civil claims only resets where the EEOC provided notice of its intent to reconsider prior to issuing a second Notice of Right to Sue. See Stamper, 863 F.3d at 1340; Gilitz, 129 F.3d at 557.

In this case, Plaintiff contends that her complaint is timely because she filed it less than ninety days from the

date the EEOC reissued the second Notice of Right to Sue. (Doc. 8 at 2-3.) However, Plaintiff's argument completely ignores both the applicable regulation and the law in the Eleventh Circuit. This Court's reading of both Stamper and Gilitz lead to the conclusion that a reissued Notice of Right to Sue will provide a new ninety-day window for filing suit only where it was reissued pursuant to the EEOC providing the parties with notice of its intent to reconsider the earlier decision. Plaintiff's complaint is untimely in this case because the EEOC provided no such notice of its intent to reconsider.

Indeed, this case is strikingly similar to Gilitz. In that case, the plaintiff argued that his civil complaint was timely because it was filed within ninety days of receiving a reissued Notice of Right to Sue. Gilitz, 129 F.3d at 557. The EEOC had not issued any notice of its intent to reconsider, and the exact same Notice of Right to Sue was simply reissued, verbatim, with a new date. Id. In light of these circumstances, the Eleventh Circuit concluded that there was no reconsideration by the EEOC and the reissued notice failed to rest the ninety-day window for filing suit. Id.

In this case, the EEOC never provided either party with notice of its intent to reconsider. Also, the reissued

second Notice of Right to Sue is an almost verbatim copy of the original second notice. The only substantive change in the reissued notice is that the date was changed from July 27, 2016 to September 13, 2016. Based on this case's factual similarity to <u>Gilitz</u>, this Court is compelled to conclude that Plaintiff's complaint is untimely.[5] As a result, Defendant's Motion to Dismiss must be granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED** as untimely. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 28th day of September 2017.

                                WILLIAM T. MOORE, JR.
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF GEORGIA

---

[5] The Court has not specifically addressed Plaintiff's sexual harassment claim, which is clearly untimely. Plaintiff's second charge of discrimination alleged only retaliation, not actual harassment. (Doc. 5, Ex. 2 at 1.) As the Court previously noted, Plaintiff's decision to only submit the reissued second Notice of Right to Sue as evidence that she exhausted her administrative remedies dangerously skirts the line of attempting to defraud the Court in an attempt to have this Court exercise jurisdiction in a case where it has none. At the very least, this conduct falls below this Court's expectations of those practicing before it.

11